Connie C. RESHARD, Esquire,
Appellant

v.

Raymond L. LAHOOD, Secretary,
United States Department of
Transportation, Appellee.

No. 10–5188.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 31, 2011.

Connie Cornelia Reshard, Esquire, Washington, DC, pro se.

Matthew T. Jones, Alan Burch, Assistant U.S., R. Craig Lawrence, Diane Marie Sullivan, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: GINSBURG and HENDERSON, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### *JUDGMENT*

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and argument of counsel. It is

**ORDERED** that the judgment from which this appeal has been taken be affirmed.

Connie C. Reshard brought this action against officials of the U.S. Department of Transportation (DOT), alleging

workplace racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The district court granted summary judgment in favor of DOT. We affirm the district court's judgment on Reshard's claims of discrete discriminatory and retaliatory acts for the reasons set forth by the district court. *See Reshard v. Slater,* No. 87–2794 (Aug. 24, 2000) (mem.) (sum. j. on discrimination claims); *Reshard v. Lahood,* 2010 WL 1379806 (Apr. 7, 2010) (sum. j. on retaliation claims). In addition to the discrimination claims based on discrete acts, on which the district court correctly granted summary judgment for failure to timely exhaust administrative remedies under 29 C.F.R. § 1613.214(a)(1) (1987), Reshard asserted a hostile work environment claim for which she may indeed have timely exhausted her administrative remedies. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (hostile work environment violates Title VII "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (internal quotation omitted)); *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 115, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (for purpose of exhaustion "[h]ostile environment claims are different in kind from discrete acts" because "[t]heir very nature involves repeated conduct"). Under 29 C.F.R. § 1613.214(a)(1) (1987), a plaintiff alleging a hostile work environment timely exhausts administrative remedies if he seeks counseling within 30 days following "an act contributing to the claim." *Morgan,* 536 U.S. at 117, 122 S.Ct. 2061 (addressing timeliness of action filed under 42 U.S.C. § 2000e–5(e)(1)); *Greer v. Paulson,* 505 F.3d 1306, 1312–16 (D.C.Cir.

2007) (applying *Morgan* rule to successor counseling requirement). It appears Reshard did exhaust. She contacted a DOT equal employment counselor on December 18, 1986, within thirty days of at least one of the discriminatory acts she alleges. *See* Compl. ¶ 31 (filed Oct. 15, 1987) ("[O]n December 1, 1986 [Reshard] was forcibly removed from [the Policy and International Affairs Assistant Secretary]'s suite."). In the course of her counseling, Reshard complained *inter alia* that beginning in 1985 DOT officials "attempted to force [her] to leave the Department of Transportation" through "various" acts that subjected her to "a humiliating environment and racially motivated outrageous conduct," which may be read as an allegation of hostile work environment claim. Compl. of Discrimination in the Fed. Gov't, Attach. I at 6 (dated March 18, 1987) (JA 176); *see Steele v. Schafer,* 535 F.3d 689, 694 (D.C.Cir.2008) (complaint that "allege[d] 'discrimination,'" "specifically request[ed] [plaintiff]'s reassignment 'to a less hostile working environment'" and "indisputably raise[d] a constructive discharge claim premised on a hostile work environment" sufficiently asserted hostile work environment claim). That she may have exhausted her administrative remedies, however, avails her nought because she effectively abandoned the claim during the ensuing district court proceedings.

■ DOT asserted at oral argument that Reshard failed to raise the hostile work environment claim in the district court, in particular in her complaint. The holding in *Steele v. Schafer,* however, suggests otherwise. In *Steele,* the court concluded the complaint sufficiently articulated a hostile work environment claim, albeit not in so many words. As indicated *supra,* the court found the complaint's discrimination allegations implicated a hostile work

environment claim. *Steele*, 535 F.3d at 694. Similarly here, Reshard's allegations of an "environment" of "direct acts of racial discrimination," an "environment of professional suppression" and discriminatory conduct "designed to make plaintiff leave the agency" arguably might have sufficed to place DOT on notice of a hostile work environment claim. *See* Compl. 7–8; *see generally id.* at 7–21. But this is where the similarities end. In *Steele*, the complaint "indisputably raise[d] a constructive discharge claim premised on a hostile work environment" and expressly "request[ed] . . . reassignment 'to a less hostile working environment'"; for his part, the defendant in *Steele* acknowledged that the plaintiff "appear[ed] to allege" a hostile work environment in her complaint and engaged the plaintiff on the issue early on (in a summary judgment motion filed eighteen months after the case commenced). *Steele*, 535 F.3d at 694. Because of "all these circumstances" and "the absence of any apparent prejudice," the court thought it "too late" for the government "to argue that the plaintiff never asserted such a claim." *Id.* Not so here, where no comparable "circumstances" can be found. Reshard made no claim of constructive discharge—to the contrary she was indisputably discharged for cause. Nor did her complaint so plainly express a "hostile working environment." Significantly, neither Reshard nor DOT addressed or even acknowledged a hostile work environment claim in the filings leading up to the district court's August 24, 2000 order granting summary judgment on (and consequently dismissing) all of Reshard's discrimination claims—nor during eight years of litigation thereafter—until Reshard filed a second motion for reconsideration of the summary judgment order in 2008. Pl.'s Amended Mot. for Recons. 5–7 (filed Mar. 17, 2008). Particularly telling, Reshard's first reconsideration motion, filed just weeks after the district court's 2000 summary judgment order, did not mention a hostile workplace claim. *See* Mot. to Vacate & Mot. for Recons. of Mem. & Order of Aug. 24, 2000 (filed Sept. 19, 2000). Nor did she identify such a claim in her response to DOT's "Motion for Clarification of Plaintiff's Claims." *See* Pl.'s Resp. in Opp'n to Def.'s Mot. for Clarification (filed Mar. 29, 1999). Thus, the mitigating circumstances the court found in *Steele* are missing here, while the prejudice absent from *Steele* is apparent here. As the district court noted in denying Reshard's request to reopen discovery, "spoliation of the evidence" was long since "likely to have occurred (including faded memories)." *Reshard v. Lahood*, 2010 WL 1379806, at *11. Any hostile work environment claim should have been investigated and litigated along with all of the other claims before the district court issued its first summary judgment order in 2000. Reshard offers no explanation or reason why she did not raise the claim on reconsideration then. To allow her to assert it on reconsideration eight years later when evidence was stale and memories vague would greatly prejudice DOT—not to mention the fact—finder. It was too late then-twenty—one years into the litigation—to add what amounted to a new claim. Given the obvious prejudice to DOT, we will not now sanction the claim's resurrection.

We have considered Reshard's other contentions and find no merit in them.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).